UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EXPRESS LIEN, INC.** | **CIVIL ACTION NO. 13-3323** |
|     **Plaintiff** | **JUDGE:** _____ |
| **VERSUS** | **MAG:** _____ |
| **NATIONAL ASSOCIATION OF CREDIT MANAGEMENT, INC** | |
| **AND** | |
| **ABC INSURANCE COMPANY** | |
|     **Defendants** | |

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Express Lien, Inc. doing business as Zlien (hereinafter "Zlien" or "Plaintiff") who submits to this Honorable Court this Complaint, alleging as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the laws of the United States, specifically under 17 USC § 501 for copyright infringement, and under 15 USC § 1125(a) (§ 43(a) of the Lanham Act) for trade dress infringement and unfair competition.

**PARTIES**

2. Express Lien, Inc., doing business as Zlien (hereinafter "Zlien" or "Plaintiff") is a corporation organized under the laws of the State of Louisiana, with its principal place of business at 4819 Prytania St., New Orleans, LA 70115.

3. National Association of Credit Management, Inc. (hereinafter "NACM") is, upon information and belief, a non-profit, non-stock corporation organized under the laws of the State of Maryland, having a main office at 8840 Columbia 100 Parkway, Columbia, MD 21045.

4. Upon information and belief, ABC Insurance Company, the identity of which is unknown at this time, had a policy of liability insurance in place at all relevant times, covering NACM for the allegations contained in this Complaint. Plaintiff will seek leave of Court to amend this Complaint to state Defendant ABC Insurance Company's full proper name when it is ascertained.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 USC § 1331 (actions arising under the laws of the United States), 15 USC § 1121 (actions arising under the Lanham Act), 28 USC § 1338(a) (acts of Congress relating to copyrights and trademarks), 28 USC § 1338(b) (civil actions asserting a claim of unfair competition), and 28 USC § 1332 (civil actions with complete diversity of the parties in which the amount in controversy, exclusive of interests and costs exceeds $75,000).

6. This Court has personal jurisdiction over Defendants. Upon information and belief, Defendants have conducted acts of infringement and unfair competition both

within and outside this District causing injury in this District. Defendants solicit, transact, and are doing business within the State of Louisiana and this District in particular.

7. Venue is proper in this District pursuant to 28 USC § 1391. Upon information and belief, Defendants are subject to personal jurisdiction in this District, and the acts complained of herein take place within this District through the Defendant's website.

**FACTS**

8. Plaintiff is an Internet based business that sells legal "self-help" forms to parties is the construction industry, provides assistance filing those forms in the property records of various states, and compiles and provides extensive informational resources and tools for clients. The business is transacted through a website.

9. A website is a specific location on the World Wide Web identified by a unique address known as a Universal Resource Locator ("URL"). Plaintiff distributes content and transacts business through the website found at the URL "zlien.com".

10. To further the plaintiff's business goals, and to provide the plaintiff's customers with information, the plaintiff provides state-by-state informational resources through its website.

11. The state-by-state informational resources include the answers to several Frequently Asked Questions ("FAQs") for each state, segregated between private projects and public projects, and compilations of selected text from each state's statutes concerning mechanics lien and bond claim law.

12. Plaintiff spends substantial amounts of time, money, and effort creating and compiling the informational resources, and all other content on the plaintiff's website.

13. The informational resources are provided by the plaintiff for the purposes of establishing the plaintiff as an authority and leader in plaintiff's area of business, and to drive sales through the plaintiff's website.

14. Every page of the plaintiff's website is marked with a copyright notice.

15. Plaintiff's website has been registered for copyright protection.

16. The compilation of selected text from each state's mechanics lien and bond claim law has been registered for copyright protection as a database or compilation.

17. Plaintiff's website has been designed with special attention to the "look and feel" of the website, including color and code elements.

18. Plaintiff's website, like most websites, contains hyperlinks. A hyperlink, as defined by Merriam-Webster, is "an electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or a different document.

19. At various times, during inspection of various websites, Plaintiff discovered Plaintiff's copyrighted material being publically displayed and or distributed by Defendant by and through Defendant's website, found at the URL "nacm.org"

20. Defendant NACM is a non-profit Maryland corporation founded in 1896, to advocate "for business credit and financial management professionals" and to be a "primary learning, knowledge and information source".

21.     One facet of Defendant's operation involves a "Lien Navigator" through which Defendant provides services similar to the services provided by Plaintiff, and through which the Defendant provides information similar to the information provided by Plaintiff through the "Resources" section of Plaintiff's website.

## COPYRIGHT INFRINGEMENT

22.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23.     At all relevant times Plaintiff has been the owner and copyright holder of all information contained on the pages of Plaintiff's website, located at the URL "zlien.com".

24.     For all of the works at issue in this matter, Plaintiff either holds a copyright certificate from the United States Copyright Office, or has applied for a registration certificate.

25.     Without authorization, Defendant copied Plaintiff's protected content, including, but not limited to, Plaintiff's extensive compilation of state mechanics lien and bond claim law, and plaintiff's hyperlinks. See Exhibit A, attached.

26.     Defendant has distributed, and is distributing, the Plaintiff's protected content for profit, by and through Defendant's website located at the URL "nacm.org", in violation of 17 USC §501, resulting in harm to Plaintiff including, but not limited to, damages to Plaintiff's profits, sales, and business.

27.     Plaintiff did not authorize the Defendant's copying, displaying, distribution, or selling of the Plaintiff's work.

5

28. Defendant knew the infringed content belonged to Plaintiff, and that they did not have permission to copy the content.

29. Plaintiff is entitled to recover damages, including its losses and any and all profits Defendants have made as a result of its wrongful conduct under 17 USC § 504, alternatively, Plaintiff is entitled to statutory damages under 17 USC § 504(c).

30. Additionally, as the Defendant's conduct was willful, the award of statutory damages should be enhanced in accordance with and pursuant to 17 USC § 504(c)(2).

31. Plaintiff is also entitled to recover attorneys' fees and costs of suit pursuant to 17 USC § 505.

## TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

32. Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

33. Plaintiff's website design, including color, code elements, and orientation is widely recognized by consumers and has become a valuable indicator of the source and origin of the information provided, which in turn, drives Plaintiff's sales, and positions Plaintiff as a leader in this field.

34. The Defendant copied Plaintiff's stylistic choices along with the content of the website, including the color, font, and hyperlinks. See Exhibit A, attached.

35. Defendant's use in commerce of Plaintiff's website content, and/or website content confusingly similar to Plaintiff's, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with

6

Plaintiff, or as to the origin, sponsorship, or approval of the Defendant's services, information, or commercial activities with Plaintiff in violation of 15 USC §1125(a).

36. As a direct and proximate result of Defendant's violation of Plaintiff's trade dress, Plaintiff has suffered and continues to suffer damages to its profits, sales, and business.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment and relief against Defendants and respectfully requests this Honorable Court:

1. Find that the Defendant has engaged in copyright infringement in violation of 17 USC § 501;

2. Find that the Defendant has engaged in trade dress infringement and unfair competition in violation of 15 USC § 1125(a);

3. Find that the Defendants have willfully infringed Plaintiff's copyrights and trade dress, with full knowledge of Plaintiff's use of and rights;

4. Enter judgment for Plaintiff on all Counts of the Complaint;

5. Find that the Defendant has otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint.

6. That the Court issue injunctive relief against Defendants, and that Defendants, their agents, representative, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with they, be enjoined and restrained from copying, posting, or making

any other infringing use or distribution of any of Plaintiff's protected materials.

7. That the Court order Defendants to pay Plaintiff's general, special, actual, and statutory damages as follows:

   A. Plaintiff's damages and Defendant's profits pursuant to 17 USC § 504(b), or, in the alternative, enhanced statutory damages pursuant to 17 USC § 504(c)(2), for Defendant's willful infringement of Plaintiff's copyrights; and

8. That the Court order Defendants to pay Plaintiff both the costs of this action and the reasonable attorneys' fees incurred in prosecuting this action pursuant to 17 USC § 504.

9. That the Court grant to Plaintiff such other and additional relief as is just and proper.

Respectfully Submitted:
**WOLFE LAW GROUP, LLC**

/s/ Sean P. Sullivan
**SEAN P. SULLIVAN (#33398)**
**SETH J. SMILEY (#32693)**
4821 Prytania St.
New Orleans, LA 70115
Tel. 504.894.9653
Attorneys for Express Lien, Inc. dba Zlien

AND

**ZLIEN**
**NATHAN L. BUDDE (#32103)**
4819 Prytania St.
New Orleans, LA 70115
Tel. 866.720.5436
In-House Counsel