UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EXPRESS LIEN INC.** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-3323** |
| **NATIONAL ASSOCIATION OF CREDIT MANAGEMENT INC. ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss filed by defendant, National Association of Credit Management, Inc. Plaintiff, Express Lien, Inc., opposes the motion.[2] For the following reasons, the motion is **DENIED.**

### Background

According to the complaint, plaintiff, Express Lien, Inc. ("Zlien"), is an internet based business that sells legal "self-help" forms to parties in the construction industry, provides assistance in the filing of these forms, and compiles and provides extensive information resources and tools for clients.[3] Zlien alleges that it operates this business through the website zlien.com.[4] To further Zlien's business goals, and to provide Zlien's customers with information, Zlien provides state-by-state informational resources through its website.[5] These resources include answers to several Frequently Asked Questions ("FAQs") for each state and compilations of selected text from each state's statutes concerning mechanics liens and bond claim law.[6] Zlien claims to have spent substantial amounts of time, money, and effort to create

---

[1] R. Doc. No. 6.
[2] R. Doc. No. 9.
[3] R. Doc. No. 1, at ¶ 8.
[4] *Id.* at ¶ 9.
[5] *Id.* at ¶ 10.
[6] *Id.* at ¶ 11.

and compile the content on its website for the purpose of establishing Zlien as an authority and leader in its area of business, and to promote sales through the website.[7]

Zlien alleges that every page of its website is marked with a copyright notice and that the website has been registered for copyright protection.[8] Zlien further claims that the compilation of selected text from each state's mechanics lien and bond claim law has been registered for copyright protection as a database or compilation.[9] Zlien alleges that it designed its website with special attention to the "look and feel" of the website, including color and code elements.[10]

Zlien states that at various times, during inspection of various websites, it discovered that its copyrighted material was being publicly displayed and distributed by defendant, National Association of Credit Management ("NACM"), through its website, nacm.org.[11] According to the complaint, NACM is a non-profit Maryland corporation founded in 1896 to advocate "for business credit and financial management professionals" and to be a "primary learning, knowledge, and information source."[12] Plaintiff alleges that the NACM website includes a "Lien Navigator" feature through which NACM provides services similar to those offered by Zlien, and through which NACM provides information similar to the information provided by Zlien through the "Resources" section of Zlien's website.[13]

On May 20, 2013, Zlien filed this lawsuit against NACM, asserting claims of copyright infringement, trade dress infringement, and unfair competition.[14] Zlien alleges that it is the owner

---

[7] *Id.* at ¶¶ 12-13.
[8] *Id.* at ¶¶ 14-15.
[9] *Id.* at ¶ 16.
[10] *Id.* at ¶ 17.
[11] *Id.* at ¶ 19.
[12] *Id.* at ¶ 20.
[13] *Id.* at ¶ 21.
[14] R. Doc. No. 1.

and copyright holder of all information contained on its website, zlien.com.[15] Zlien claims it either holds a copyright certificate from the United States Copyright Office or has applied for such certificate for the works on its website.[16] Zlien alleges that NACM copied Zlien's protected content without permission, which included, but is not limited to, Zlien's compilation of state mechanics lien and bond claim law and the corresponding hyperlinks.[17] Zlien further alleges that NACM has distributed, and continues to distribute, Zlien's protected content for profit via nacm.org, in violation of 17 U.S.C. § 501, resulting in damage to Zlien's profits, sales, and business.[18] Zlien claims that it did not authorize NACM to copy, display, distribute, or sell Zlien's work.[19] Zlien alleges that NACM knew the infringed content belonged to Zlien, and that it did not have permission to copy such content.[20]

Zlien further alleges that its website design, including the color, code elements, and orientation is widely recognized by consumers and that it has become a valuable indicator of the source and origin of the information provided which, as a result, drives Zliens' sales and position as a leader in its field.[21] According to Zlien, NACM copied Zlien's stylistic choices of color, font, hyperlinks, and website content on its website.[22] Zlien claims that such similarities between websites are "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of the Defendant's services, information, or commercial activities with Plaintiff in

---

[15] *Id.* at ¶ 23.
[16] *Id.* at ¶ 24.
[17] *Id.* at ¶ 25.
[18] *Id.* at ¶ 26.
[19] *Id.* at ¶ 27.
[20] *Id.* at ¶ 28.
[21] *Id.* at ¶ 33.
[22] *Id.* at ¶ 34.

violation of 15 USC [sic] §1125(a)."[23] Zlien alleges that it has suffered and continues to suffer damages to its profits, sales, and business as a result of NACM's violation of trade dress.[24]

Zlien claims it is entitled to judgment and relief against NACM for NACM's copyright infringement in violation of 17 U.S.C. § 501 and trade dress infringement and unfair competition in violation of 15 U.S.C. § 1125(a).[25] Zlien requests that NACM be enjoined and restrained from copying, posting, or making any other infringing use or distribution of any of Zlien's protected materials.[26] Zlien further requests NACM pay Zlien general, special, actual, and statutory damages for Zlien's damages and NACM's profits pursuant to 17 U.S.C. § 504(b) or, in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for NACM's willful infringement of Zlien's copyrights.[27] Finally, Zlien requests that NACM pay Zlien court costs and reasonable attorney's fees pursuant to 17 U.S.C. § 504.[28]

On July 25, 2013, NACM filed a motion to dismiss plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[29] NACM argues that Zlien cannot copyright the public statutes on its website and that its attempt to allege a "compilation" fails as a matter of law.[30] NACM also contends that Zlien failed to plead the basic elements of a claim for trade dress infringement as required by 11 U.S.C. § 1125(a) because Zlien does not

---

[23] *Id.* at ¶ 35.
[24] *Id.* at ¶ 36.
[25] *Id.* at p. 7, §§ 1-2.
[26] *Id.* at pp. 7-8, § 6.
[27] *Id.* at p. 8, § 7.
[28] *Id.* at p. 8, § 8.
[29] R. Doc. No. 6.
[30] *See* R. Doc. No. 6-1.

4

allege that it owns any trademark rights.[31] NACM further argues that a comparison of the two website reveals no trade dress violation and that the NACM website predates the Zlien website.[32]

## Standard of Law

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. Fed. R. Civ. Proc. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay*:

> Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d

---

[31] *Id.*
[32] *Id.*

242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## Discussion

### I. Copyright Infringement

NACM argues that Zlien's copyright claim must be dismissed because Zlien cannot copyright a state statute. Zlien responds that the content of its website qualifies as a "compilation," and that it did not limit its claim of copyright infringement solely to the text of a statute.

"A 'compilation' is a work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. The term 'compilation' includes collective works." 17 U.S.C. § 101. "The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material." 17 U.S.C. § 103(b). "Copyright protection may extend to such a compilation, even if the material of which it is composed is not copyrightable itself or is already subject to a previous copyright." *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 387 (5th Cir. 1984).

NACM argues that "the material at issue" is not a compilation as a matter of law because plaintiff copied the entire California private lien statute verbatim and did not add any original content. However, Zlien alleged in its complaint that the "state-by-state informational resources include the answers to several Frequently Asked Questions ("FAQs") for each state, segregated between private projects and public projects, and compilations of selected text from each state's

statutes concerning mechanics lien and bond claim law."[33] Zlien further alleged that it "spends substantial amounts of time, money, and effort creating and compiling the informational resources, and all other content on the plaintiff's website."[34] The California webpage, attached to the complaint, was included only as one example of the website.[35] Plaintiff also alleged in the complaint that NACM copied such protected content without authorization "including, but not limited to, Plaintiff's extensive compilation of state mechanics lien and bond claim law, and plaintiff's hyperlinks." Accordingly, NACM has not shown that the material at issue is not a compilation as a matter of law or that Zlien has otherwise failed to state a claim for copyright infringement.

## II. Trade Dress Infringement

NACM argues that Zlien failed to state a claim for a trade dress violation because it did not allege the existence of a valid trademark. As Zlien notes, however, Section 43(a) of the Lanham Act can be used "to protect a product's appearance, or 'trade dress,' without having a registered trademark." *Healthpoint, Ltd. v. River's Edge Pharmaceuticals, L.L.C.*, No. 03-984,

---

[33] R. Doc. No. 1, at ¶ 11.

[34] *Id.* at ¶ 12.

[35] Zlien has referred to portions of its website that are not contained in the pleadings in order to show that the website, as a whole, qualifies as a compilation "In resolving a Rule 12(b)(6) motion, the court is generally limited to considering only those allegations appearing on the face of the complaint . . . , matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Francois v. Miller*, No. 09-3522, 2009 WL 4799312, at *4 (E.D. La. Dec. 2, 2009) (Zainey, J.) (citing *Chester County Intermediate Unit v. Pa. Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990)). Additionally, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Federal Rule of Civil Procedure 12(d) provides that a motion to dismiss filed under Rule 12(b)(6) must be treated as one for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Given the early stage of the proceedings and the limited and incomplete record with respect to the claims asserted in this matter, this Court declines the opportunity to convert the motion to dismiss into a motion for summary judgment in order to consider the materials outside the pleadings referred to by plaintiff.

2005 WL 356839, at *4 (W.D. Tex. Feb. 14, 2005) (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763 (1992); *Eppendorf–Netheler–Hinz GMBH v. Ritter GMBH*, 289 F.3d 351, 354-55 (5th Cir. 2002); *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 812 (5th Cir. 1989)).

The Fifth Circuit follows a two-step analysis in determining whether there has been an infringement of trade dress under the Lanham Act. *Allied Marketing Grp.*, 878 F.2d at 813. "First, the court must determine whether the trade dress is protected under the Act. This first inquiry encompasses three issues: (1) distinctiveness, (2) 'secondary meaning,' and (3) 'functionality.'" *Id.* Second, "[i]f a court determines that the trade dress is protected—because it is non-functional and is either distinctive or has acquired secondary meaning, the court must then determine whether the trade dress has been infringed. Infringement is shown by demonstrating that the substantial similarity in trade dress is likely to confuse consumers." *Id.*

NACM argues that a comparison of the two websites reveals no trade dress violation. NACM argues that apart from the actual California statute, there are no similarities between the two web pages that could plausibly support a trade dress claim. Although this Court need not, as NACM suggests, accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions, Zlien alleges that the website design, including the color, code elements, and orientation is widely recognized by consumers and has become a valuable indicator of the source and origin of the information in its website. Zlien alleges that NACM copied its stylistic choices along with the content of the website, including the color, font, and hyperlinks, in a manner that is confusingly similar to Zlien's website. The fact that the NACM webpage relating to the California mechanics lien statute has several differences from a corresponding Zlien webpage does not show that Zlien has failed to state a claim upon which relief can be granted.

Finally, NACM argues that its website predates Zlien's website and that it developed the look, feel, style, and font of its website before plaintiff even existed as a company. This argument necessarily turns on matters outside the pleadings. As previously stated, given the early stage of the proceedings and the limited and incomplete record with respect to the claims asserted in this matter, the Court declines the opportunity to consider matters outside the pleadings or to treat this motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

## Conclusion

In light of the foregoing,

**IT IS ORDERED** that the motion to dismiss is **DENIED**.

New Orleans, Louisiana, August 23, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**